# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOSE C. PALLARES, BAR NO. 4020.

No. 70953

**FILED**

JAN 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Jose C. Pallares.

The record before this court indicates that, in 2014, Pallares represented two cousins who were codefendants in a criminal matter. After both cousins pleaded guilty, Pallares filed an appeal with this court on behalf of each cousin. *See* Docket Nos. 66238, 66239. Pallares failed to file the rough draft transcript request forms as required by NRAP 3C(d)(3)(A)(ii), after which this court entered orders directing Pallares to file the forms or certificates that no transcripts were being requested within 10 days. Pallares did not comply with these orders, and he subsequently failed to file the fast track statements and appendices. Consequently, this court entered orders conditionally imposing sanctions on Pallares ($500 in each appeal) and directing him to file the required documents within 11 days. Approximately one month later, Pallares filed certificates of no transcript requests and untimely motions for extensions of time to file the fast track statements and appendices. This court

SUPREME COURT
OF
NEVADA

(O) 1947A

granted Pallares' untimely motions and gave Pallares until December 24, 2014, to file the required documents. On January 28, 2015, Pallares filed the required documents, albeit with formatting deficiencies, along with untimely motions for extensions of time in which to file those documents. On February 23, 2015, this court entered orders denying Pallares' untimely motions for extensions of time, imposing additional sanctions against Pallares ($1,000 additional in each appeal, representing a $3,000 total sanction payable to the Supreme Court Law Library), removing Pallares as counsel for both appeals, and referring Pallares to the State Bar for investigation. The underlying investigation and disciplinary proceeding ensued.

Pallares accepted a conditional guilty plea in exchange for a stated form of discipline that would have imposed a five-year suspension. The panel concluded that Pallares violated RPC 1.3 (diligence), RPC 3.4(c) (fairness to opposing counsel – knowingly disobeying obligation under rules of a tribunal), and RPC 8.4(d) (misconduct – prejudicial to the administration of justice). The panel found two aggravating circumstances: (1) Pallares had prior disciplinary offenses (which included a 90-day suspension and a two-year suspension), and (2) he had substantial experience in the practice of law. SCR 102.5(1). The panel found, however, four mitigating circumstances: (1) absence of a dishonest or selfish motive; (2) he made a full and free disclosure to the State Bar, cooperated with the State Bar's investigation, and accepted responsibility for his actions; (3) he showed remorse for his actions, and (4) he had good character and reputation. SCR 102.5(2). Believing the five-year suspension to be unnecessarily long, the panel modified the conditional guilty plea agreement and recommended Pallares be suspended for three

years but that, upon successful reinstatement, Paralles would be prohibited from maintaining his own practice and would instead be required to work under the supervision of another attorney. The panel also recommended Pallares pay the costs of the bar proceedings, excluding Bar Counsel and staff salaries.

Based on our review of the record, we conclude that the modified guilty plea agreement should be approved. *See* SCR 113(1); SCR 105(3)(b) (reviewing de novo the hearing panel's recommended discipline); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) (observing that this court "must . . . exercise independent judgment" in determining the appropriate discipline). Considering the duties violated, Pallares' mental state, the lack of any ultimate injury to clients, and the aggravating and mitigating circumstances identified by the hearing panel, *see* SCR 102.5, we agree that the discipline set forth above is sufficient to serve the purpose of attorney discipline. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar. Ass'n 2015) (recognizing that "[s]uspension is generally appropriate when [a] lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"); *see also State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we suspend Pallares from the practice of law for a term of three years commencing from the date of this order. Pallares shall also pay the costs of the bar proceedings, excluding Bar Counsel and staff salaries, within 30 days from receipt of the State Bar's bill of costs. Upon successful reinstatement, *see* SCR 116, Pallares must abide by the agreed-upon requirement that he work under the supervision of another attorney and not maintain his own law practice. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.[1]

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

cc:  Chair, Southern Nevada Disciplinary Board
     Jose C. Pallares
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

_____

[1]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter.